# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| TINA L. BLOSS, | ) |
|                Plaintiff, | ) |
|                v. | ) No. 09-6119-SSA-CV-SJ-FJG |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) |
|                Defendant. | ) |

## **ORDER**

This is a judicial review of a final decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., 42 U.S.C. § 405(g), and Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. Following a hearing, an Administrative Law Judge (ALJ) found on May 8, 2009, that plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review, and thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the medical and documentary evidence. Plaintiff's challenges to 1) the ALJ's

determination that plaintiff's carpal tunnel and Hepatitis C were not severe; 2) the ALJ's discounting of Dr. Kononov's medical source statement; 3) the ALJ's credibility findings; and 4) the RFC are rejected.  See Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003) (subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence).  See also Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007) (an ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record);  Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (where adequately explained and supported, credibility findings are for the ALJ to make).  See Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (considerations in RFC determination); Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (burden is on claimant to establish RFC).

The ALJ properly completed the five-step evaluation process and adequately explained her reasons for concluding that plaintiff is not disabled.  The Court agrees with the arguments in the Commissioner's brief and finds substantial evidence in the record as a whole to support the Commissioner's decision.  Accordingly, it is

ORDEDED that plaintiff's motion to reverse the final decision of the ALJ is denied (Doc. 13) and the decision of the Commissioner is affirmed.

   **/s/ Fernando J. Gaitan, Jr.**
FERNANDO J. GAITAN, JR.
Chief United States District Judge

Dated:   05/18/10
Kansas City, Missouri